## RILEY ET AL. v. DEKKER.

March 9, 1838.

*Rule to show cause why the foreign attachment should not be quashed.*

The act of 13th June, 1836, relating to domestic attachments, does not deprive justices of the peace of jurisdiction under the acts of 22d August, 1752, and 4th December, 1807.

FOREIGN attachment to March term, 1838, No. 86.

This was a rule to show cause why the writ of foreign attachment should not be quashed, or the attachment dissolved.

The facts were as follows, viz.:

The defendant, Tunis Decker or Dekker, came to this city, from Holland, in the month of September, 1833. In or about the year 1834, he married a woman named Nicholas, from Bucks County, and commenced the grocery business in the Northern Liberties, in Green Street, between Front and Oak Streets. He also went to housekeeping, having furniture, &c. He removed first to the corner of Front and Duke Street, and then to Oak Street, between Green Street and the Hay Scales Landing, at which places he kept a store, and was a housekeeper. At the last place he paid 62 dollars and 50 cents per quarter, rent.

On the 19th or 20th of December, 1837, he went away from his home, leaving his wife and child in the house, with the furniture, &c. and leaving goods in the store.

On the 20th December, 1837, a domestic attachment was issued by Alderman Conrad, on the application of Patrick Murphy, a creditor, setting forth that Tunis Decker was indebted to him in a sum not exceeding 100 dollars, and that the said Decker had absconded from his usual place of abode, for the space of six days, with design to defraud his creditors, and without leaving a clear estate in fee simple, &c.

On the same day, on the return of the constable that he had attached certain goods, the alderman appointed Thomas C. Jones and Henry Close, freeholders, to take the goods and chattels into their custody, according to law, &c.

[Riley et al. v. Dekker.]

On the 30th of December an order of sale was made of certain perishable articles.

On the 10th January, 1838, it appearing from the claims of creditors as presented, that there was a just debt due to one George Scott, exceeding 100 dollars, the alderman proceeded no further, but returned all the proceedings into court.

On the 18th January, 1838, the proceedings were filed in the office of the Prothonotary of the Court of Common Pleas, for the City and County of Philadelphia.

On the 12th of February, 1838, a domestic attachment issued out of the Court of Common Pleas, at the suit of Nathaniel Potts and Erwin J. Cooper, trading as Potts & Cooper, against Tunis Decker, which has been duly executed.

The writ of foreign attachment, in this case, issued on the 10th of February, 1838.

*T. J. Wharton*, for the rule, for the creditors under the domestic attachment.

*Hirst*, contra, argued that by the repealing clause of the act of 13th June, 1836, relating to domestic attachments (*Stroud's Purd. tit. Domestic Attachment*), the jurisdiction of justices of the peace in such cases had ceased.

Per Curiam.—Jurisdiction in certain cases in domestic attachment, was given to justices of the peace by the acts of 22d August, 1752, and 4th December, 1807. This jurisdiction is limited to cases where the debt or demand of the plaintiff does not exceed one hundred dollars. The act of the 13th June, 1836, merely alters or supplies all previous laws, only so far as they are *inconsistent with that act*. Now there is no inconsistency between the provisions of the several acts in question; they all operate harmoniously, their main object, wherein they are different, having relation to the amount of the debt or demand of the plaintiff. And a statute will not be held to be repealed unless there appears a clear intention on the part of the legislature to that effect.

Rule absolute.